Overton, J.
 

 delivered the following opinion of the Court. On the part of the complainant it has been insisted that the issuing an execution to the county of Lincoln was the
 
 gravamen ;
 
 that the suit ought to be brought in the circuit where the injury arose, and not where the defendants reside or may happen to he found. In support of the position the counsel for the complainant have relied upon the Acts of 1782, ch. 11; 1787, ch. 22.
 

 
 *258
 
 The Act of 1809, ch. 12, § 3, declares that every “action shall follow the person of the defendant.” To this it has been replied that the provision only applies to actions at law, and not to suits in equity; and that if it were otherwise, the whole provision, so far as it regards equity proceedings, is repealed by the Act of 1811, which, it is said, restores the principles laid down in the Acts of 1782 and 1787. Various other arguments have been employed to show that suits in equity may be brought in the Supreme Court of any circuit; and that, in any event, it would be proper to bring them in the circuit where either the complainant or defendant resided, at the option of the complainant.
 

 As a preliminary point it is well to remark, that whilst the equity business was cognizable in the Circuit Courts, the same question came before the Supreme Court, where it was decided that suits in equity should be instituted either in the county where the defendant resided or where he might happen to be found to be served with process. That was an original bill,
 
 [1]
 
 and whether injunctions would make a difference was not inquired of in that case. It is very probable that a difference would thence arise; and that when bills have been filed for injunctions against proceedings at law defendants in such cases would be concluded by a legal presumption of their presence in the court where judgment had been obtained. On this point it is not now necessary to give any decisive opinion; for supposing the question to have arisen whilst the Circuit Court had jurisdiction of equity cases, it is manifest the plea must have been allowed, because the suit was neither brought in the court where the judgment was obtained nor in the court of the county where the defendant was found.
 

 It is believed that the Act of 1811, ch. 72, places equity cases on the same footing in the Supreme Court on which they stood in the District Court before their abolition.
 

 The Act of 1811, ch. 72, § 4, provides simply for the transfer of equity jurisdiction from the Circuit to the Supreme Court, with respect to all causes arising in the respective circuits.
 

 The seventh section provides “ that the Supreme Court of Errors and Appeals, in exercising the jurisdiction by this Act given, shall be governed by the same rules, regulations and restrictions by which said Circuit Courts are now governed, and possess the same power and authority that the said Circuit Courts now by law possess.” Hence it results, agreeably to the decision referred to, that this suit should have been brought either in the Supreme Court for the first circuit or in the Supreme Court of some circuit
 
 *259
 
 where the defendants might happen to be found, so as to have process executed on them. When there are several defendants, if proper process be served on any material one, process from the same court may issue to the sheriff of any other circuit.
 

 The plea must he allowed.
 

 [1]
 

 Obiginax Note. — This is a mistake. It was an injunction case, where the same arguments were urged by the counsel for the complainant, which seem now to influence the Court. The judgment was recovered in Davidson, and the defendant lived in Williamson, where the injunction and
 
 subpoena
 
 to answer, was served upon him. See
 
 ante,
 
 87.